FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS

RITA HEGY, )
    Plaintiff ) **04-30028-KPN**
VS. )
) CIVIL ACTION NO.
CITY OF HOLYOKE, MA )
    Defendant ) FILING FEE PAID:
) RECEIPT # 305508
) AMOUNT $ 150.00
) BY DPTY CLK MGK
) DATE 2/11/04

## Complaint and Demand for Jury Trial

### JURISDICTION

1. This action is authorized and instituted under §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000-e, *et seq*. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1337.

2. The unlawful discrimination and employment practices alleged below were committed within the Commonwealth of Massachusetts.

### PARTIES

3. Plaintiff Rita Hegy ("plaintiff") is a female citizen of Massachusetts and resides in Chicopee, MA.

4. Defendant City of Holyoke, MA ("Holyoke") is a duly incorporated municipality in the Commonwealth of Massachusetts.

5. At all times relevant hereto, Holyoke did and does now employ more than fifteen (15) employees, is and was engaged in an industry affecting interstate commerce, and is

1

therefore an "employer" under 42 U.S.C. §2000e(b).

## STATEMENT OF FACTS

6. At all relevant times, and until she terminated on or about July 13, 2000, plaintiff was employed by Holyoke as a civilian employee in its police department.

7. From approximately 1992 to and including October 12, 1995, defendant subjected plaintiff to unequal treatment and created a hostile work environment because of plaintiff's sex.

8. Inter alia, defendant's employee Arthur Therrien would, for the purpose of harassing plaintiff because of her sex, would prohibit plaintiff from being present in certain areas of the police station to which other civilian personnel were given regular access.

9. Therrien would regularly and deliberately slam a door in the face of plaintiff.

10. Therrien would regularly scream obscenities at plaintiff in or out of the presence of others.

11. Therrien would repeatedly place himself in such a position that he would bump into plaintiff and have offensive physical contact with her as they passed.

12. Therrien, who served as president of the police union, caused the union to write to plaintiff accusing her of the very conduct of which Therrien was guilty and threatening her with legal action.

13. Plaintiff made numerous complaints to her superiors concerning Therrien's conduct, as set forth above, but the Defendant failed to take any steps to protect plaintiff therefrom.

14. On or about October 12, 1995, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging the foregoing and seeking redress under

Title VII of the United States Civil Rights Act of 1964 ("the first charge").

15. Thereupon plaintiff was subject to persistent retaliation by various members of the Holyoke Police Department. Specifically, the Chief of Police would now refuse to receive plaintiff's complaints about harassment and ordered her to go through "the chain of command," which forced her to complain to some of the very people who were harassing her or supporting those who harassed her.

16. In retaliation for having filed the first charge, plaintiff's superiors ordered her not to visit other departments, although prior to filing the first charge she had been free to visit other departments as part of completing her duties. She was subjected to petty prohibitions. Her coffee breaks were taken away from her. She was denied ordinary privileges enjoyed by other civilian personnel.

17. On or about March 15, 1996, plaintiff filed a second complaint with the EEOC ("the second charge"), alleging that the foregoing conduct constituted sex discrimination and retaliation for having filed the first charge.

18. As a direct and foreseeable consequence of the foregoing conduct by defendant, through its employees and agents, and as a direct and foreseeable consequence of the acts and omissions of Holyoke, through its employees, plaintiff has suffered past, present and future emotional distress and economic loss.

19. On or about December 4, 2003, the EEOC issued to plaintiff a right to sue upon the foregoing charges, whereby this court now has jurisdiction to entertain the matters set forth herein.

## COUNT I: SEX DISCRIMINATION IN VIOLATION TITLE VII OF THE UNITED STATES CIVIL RIGHTS ACT OF 1964

20. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-19, above, as if fully set forth herein.

21. The conduct of defendant, Holyoke, through its employees, as described above, constituted unlawful discrimination prohibited by 42 U.S.C. §2000-e2(a), such that defendant is liable to plaintiff thereunder in damages and other relief as set forth below.

22. Defendant, through its employees, engaged in the discriminatory practices alleged in this Count I with malice or with reckless indifference to Plaintiff's federally protected rights and is therefore each subject to imposition of punitive damages pursuant to 42 U.S.C. § 1981a(b).

## COUNT II: RETALIATION FOR ACTIVITIES PROTECTED BY TITLE VII IN VIOLATION OF FEDERAL LAW

23. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-22, above, as if fully set forth herein

24. The conduct of defendants Holyoke, through its employees, as described above, constituted unlawful discrimination prohibited by 42 U.S.C. §2000-e3(a), such that these defendant is liable to plaintiff thereunder in damages and other relief as set forth below.

25. Defendant, through its employees, engaged in the discriminatory practices alleged in this Count II with malice or with reckless indifference to plaintiff's federally protected

rights and is therefore each subject to the imposition of punitive damages pursuant to 42 U.S.C. § 1981a(b).

WHEREFORE, plaintiff respectfully prays for

A. Judgment against the Defendant Holyoke;

B.. Compensatory damages in an amount no less than $500,000;

C. Punitive damages in an amount no less than $500,000;

D. Reasonable attorney's fees;

E. The costs of bringing this action;

F. Prejudgment interest; and

G. Such further relief as is just and equitable.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

RITA HEGY
By her attorney:

Dated: February 9, 2004

Robert LeRoux Hernandez
Six Pleasant St., Suite 513
Malden, MA 02148
(781) 321-8300
BBO No. 231920