UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCANNED

RITA HEGY )
    Plaintiff )
    )
v. ) CIVIL ACTION NO. 04-30028-MAP
    )
    )
CITY OF HOLYOKE, MA; )
    Defendant )

### DEFENDANT CITY OF HOLYOKE'S ANSWER AND COUNTERCLAIM

**NOW COMES** the Defendant, City of Holyoke answering to the numbered paragraphs of the Plaintiff's Complaint. Admitting, denying and alleging as follows:

1. To the extent that a response to paragraph one is required it is denied.

2. The Defendant, City of Holyoke admits that the conduct of all parties took place in the Commonwealth of Massachusetts, however denies the remainder of the allegations contained in paragraph two.

3. Admitted.

4. Admitted.

5. Admitted to the extent that the City of Holyoke employs more than fifteen employees and denied as to the remainder of the allegations contained in this paragraph.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. The Defendant, City of Holyoke admits that Therrien served as President of The Police Union, however denies the remainder of the allegations in paragraph 12.

13. Admitted to the extent that Plaintiff made numerous complaints to superiors. Denied as to the remainder of the allegations in paragraph 13.

14. Admitted.

15. Denied.

16. Denied.

17. Admitted.

18. Denied.

19. Denied.

## COUNT I

20. The Defendant, City of Holyoke, incorporates by reference each and every answer contained in paragraph 1-19 above as if fully set forth herein.

21. Denied.

22. Denied.

## COUNT II

23. The Defendant, City of Holyoke, incorporates by reference each and every answer contained in paragraph 1-22 above as if fully set forth herein.

24. Denied.

25. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

In further answering the Defendant City of Holyoke states that the claims presented by the Plaintiff are barred by the applicable Statute of Limitations.

### SECOND DEFENSE

In further answering the Defendant City of Holyoke states that the Plaintiff failed to give proper Notice of Claims pursuant to M.G. L. c. 258 and therefore her claims must be barred.

2

### THIRD DEFENSE

In further answering the Defendant City of Holyoke states that the Plaintiff failed to properly file her request for a right to sue within the EEOC appropriate time frame and therefore her Complaints, all of them, should be barred in this court.

### FOURTH DEFENSE

In further answering the Defendant City of Holyoke states that the Plaintiff failed to state a claim upon which relief can be granted, in that:

a. The Plaintiff has failed to state how the City of Holyoke as a municipality can be responsible to the Plaintiff for any of the actions of conduct alleged and has failed to specifically state facts against the City of Holyoke that give rise to municipal liability under 42 U.S.C. §2000; and

b. The Plaintiff has failed to allege which conduct rose to the level of sexual discrimination within the meaning of the law and has otherwise failed to state a claim against the City of Holyoke.

### FIFTH DEFENSE

In further answering the Defendant City of Holyoke states that the Plaintiff entered into a binding oral settlement agreement with the City of Holyoke and all other previously named Defendants for the settlement of all claims listed in the Plaintiffs three MCAD Complaints and therefore her claims under the applicable laws should be barred.

### SIXTH DEFENSE

In further answering the Defendant City of Holyoke states that it entered into a binding Settlement Agreement with the Plaintiff which covered the claims in her Complaint and that the Plaintiff failed to comply with the terms of the Settlement Agreement in that she failed to comply with the Confidentiality Agreement ordered by the MCAD; therefore she committed a Breach Of Contract and the Defendant City of Holyoke is entitled to a set-off due to such breach.

## SEVENTH DEFENSE

In further answering the Defendant City of Holyoke states that the Plaintiff's claims as alleged are barred by M.G.L. c. 152 and are otherwise barred by the exclusivity provisions of the Massachusetts Workers Compensation Statute.

## EIGHTH DEFENSE

In further answering the Defendant City of Holyoke states that it is entitled to a set-off for any monies already paid by the Massachusetts Workers Compensation board due to the alleged injuries of Rita Hegy and is otherwise entitled to a set-off.

## NINTH DEFENSE

The Plaintiff's claims if any are barred by principles of res judicata such as, but not limited to, issue and claim preclusion and impermissible claim splitting.

## TENTH DEFENSE

In further answering the Defendant City of Holyoke states that the Plaintiff waived her right of action for injuries when she failed to give notice to the employer City of Holyoke at the time of hire that she intended to preserve her rights to sue her employer and opt out of the workers compensation statutory See, M.G.L. c.152 §24.

## ELEVENTH DEFENSE

In further answering the Plaintiff's equitable claims if any are barred due to her unclean hands and laches.

## TWELVTH DEFENSE

The Plaintiff failed to exhaust her administrative remedies and as such her claims should be barred.

**WHEREFORE** the Defendant City of Holyoke respectfully states that the Plaintiff is not entitled to judgment, back pay, interest or any other damages including compensatory or punitive damages or attorney's fees, and specifically states that the Plaintiff is not entitled to any relief

and her case should be dismissed. Further, the Defendant City of Holyoke seeks judgment plus costs, attorney's fees and any other relief this court deems necessary.

### COUNTER CLAIM OF THE DEFENDANT/PLAINTIFF IN COUNTERCLAIM CITY OF HOLYOKE AGAINST THE PLAINTIFF/DEFENDANT IN COUNTER CLAIM RITA HEGY

Pursuant to the Rule 13 (a) of The Federal Rules of Civil Procedure Defendant/Plaintiff in Counter Claim City of Holyoke (hereinafter "Holyoke") brings the following Counterclaims against the Plaintiff/Defendant in Counterclaim, Rita Hegy (hereinafter "Hegy").

### JURISDICTION

1. Holyoke invokes the pendant jurisdiction of this Court to hear and decide claims arising under the laws of the Commonwealth of Massachusetts.

### PARTIES

2. Holyoke is a duly incorporated municipality in the Commonwealth of Massachusetts.

3. Hegy is a female citizen of Massachusetts and resides in Chicopee, Massachusetts.

### COUNT I

### ABUSE OF PROCESS

4. The Defendant Holyoke repeats and realleges the allegations set forth in paragraph one through four above, and incorporates them as if fully set forth herein.

5. On or about October 12, 1995, the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (hereinafter "MCAD"), alleging that from 1992 to October 12, 1995, the Holyoke Police Department and Defendant Arthur Therrien had discriminated against her on the basis of her gender.

6. On or about March 15, 1996, the Plaintiff filed a second complaint with the MCAD, alleging that "individuals" in the Department had retaliated against her.

7. On or about March 28, 1996, the Plaintiff amended her 1995 MCAD complaint to

add allegations of sexual harassment and hostile work environment.

8. As of December 1, 2003 the Plaintiff had not obtained Right to Sue letters from the EEOC for the aforementioned complaints filed with the MCAD; EEOC docket numbers: 16C960337 and 16C961887.

9. On or about March 26, 1999, the Plaintiff filed a third complaint with the MCAD, again alleging that she had been retaliated against by the Holyoke Police Department, Mayor Daniel Szostkiewicz, Chief Marc A. Cournoyer and Officer James Rivard.

10. On or about March 7, 2000, the Plaintiff accepted the terms of an oral settlement agreement, on the record, before Hearing Officer Charles Walker of the Massachusetts Commission Against Discrimination. Pursuant to this settlement agreement, all three MCAD cases were to be withdrawn and dismissed with prejudice.

11. Thereafter the Plaintiff refused to sign the settlement agreement.

12. The Plaintiff obtained a Right to Sue letter from the EEOC for the complaint filed on March 26, 1999; EEOC No.: 16C992483.

13. On or about September 13, 2001, the Plaintiff filed a complaint in Federal District Court, Civil Action No.: 01-30168-MAP, alleging retaliation under Title VII of the Civil Rights Act of 1964 and M.G.L. c. 151B, by the City of Holyoke, Defendant Rivard and Defendant Cournoyer, as well as a claim for improper interference with employment. The allegations contained in the September 12, 2001 complaint arose out of the Plaintiff's March 26, 1999 MCAD complaint.

14. On or about May 13, 2003, Plaintiff's counsel advised Defendants that he intended to amend Plaintiff's complaint upon issuance of a dismissal or right-to-sue by the EEOC, for claims contained in the 1995 and 1996 MCAD complaints.

15. On or about May 21, 2002, the Plaintiff amended her complaint to add a claim of sex

discrimination under Title VII against the Defendant Therrien and the City of Holyoke. The amendment contained allegations arising out of the Plaintiff's 1995 and 1996 MCAD Complaints.

16. Defendants assented to the Plaintiff's amendment at the time it was filed, despite the fact that Plaintiff did not have the requisite right-to-sue letters, to accommodate the Plaintiff and in the interest of judicial economy, so that the case would not be unfairly split in two and so that discovery would not be fragmented or duplicative.

17. Defendants did not waive jurisdiction on this issue and at all times believed that Plaintiff would obtain the requisite right-to-sue letters based upon Plaintiff's counsel's representations.

18. On or about August 1, 2003, the Plaintiff voluntarily agreed to dismiss all counts against the individual defendant Therrien and all federal counts against any individual Defendant.

19. On June 26, 2003, this Court ruled on Defendants' Partial Motion for Summary Judgment, dismissing the majority of Plaintiff's claims and leaving only a claim for retaliation under M.G.L. c. 151B against the City of Holyoke and the sole remaining individual Defendant Cournoyer, and a claim for retaliation under Title VII against the City of Holyoke.

20. On or about July 16, 2003, the Defendants filed a renewed Motion for Summary Judgment on their Counterclaim for Breach of Contract. This motion was denied by the Court on August 27, 2003. Subsequent to new case law coming down from the First Circuit Court of Appeals, a Request for Reconsideration on the issue of whether there existed an enforceable oral settlement agreement was granted and the matter is currently scheduled to be heard on April 21-23, 2004.

21. On or about June of 2003, Defendants discussed with Plaintiff's counsel whether he had obtained a right-to-sue letter from the EEOC for the 1995 and 1996 EEOC complaints.

He indicated that he did not have one and Defendants asserted that they would be raising the issue in their pre-trial memorandum. Defendants raised the issue before the Court during the pre-trial conference and during status conferences before the Court. Finally, upon request of the Court, Defendants briefed the issue in the form of a Supplemental Motion for Summary Judgment, which was filed with the Court on October 15, 2003.

22. Despite Defendants addressing the right-to-sue issue with Plaintiff numerous times both in conference and before this Court, as of December 1, 2003 she had failed to produce these right-to-sue letters.

23. This Court granted Defendants Motion on January 8, 2004, indicating that trial would proceed only on those claims supported by right-to-sue letters as of October 15, 2003. Plaintiff's claims arising out of the 1995 and 1996 MCAD complaints were dismissed by this Court.

24. Trial on Plaintiff's remaining claims is scheduled to go forward on April 26, 2004, provided she prevails at the hearing on the counterclaim against her for breach of contract.

25. On or about December 4, 2003, Plaintiff obtained a right-to-sue letter from the EEOC, for her 1995 and 1996 Complaints.

26. On or about February 11, 2004, Plaintiff filed a new Complaint in this Court, #3:04-cv-30028-MAP, again making allegations of discrimination and retaliation under Title VII against the City of Holyoke which arise out of her 1995 and 1996 MCAD Complaints; identical allegations to those previously dismissed by this Court.

27. The Plaintiff is using the legal process of petitioning the Court for the improper purpose of circumventing this Court's order dismissing her claims which arose out of her 1995 and 1996 MCAD/EEOC complaints and is otherwise perverting the case of legitimate process.

28. The Plaintiff has improper and/or ulterior motives and/or is otherwise acting with malice.

29. The Plaintiff's conduct is and has damaged the Defendant City of Holyoke in that it has been and continues to be forced to defend itself against Plaintiff's baseless and frivolous claims, has incurred significant legal fees, and has otherwise suffered and continues to suffer damages.

WHEREFORE, the Defendant, City of Holyoke respectfully requests that this Honorable Court dismiss the instant complaint with prejudice and award the Defendant City of Holyoke compensatory and punitive damages, attorney's fees, costs and interest and all such other and further relief as this Court deems necessary, fair and appropriate.

**THE PLAINTIFF IN COUNTERCLAIM DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted
The DEFENDANT,
THE CITY OF HOLYOKE

By Their Attorneys,

Date: March 16, 2004

Dawn D. McDonald, BBO# 647256
Lisa Brodeur-McGan, BBO#556755
Cooley, Shrair P.C.
1380 Main Street
Springfield, MA 01103
Tel (413) 735-8045; Fax (413) 733-3042

### CERTIFICATE OF SERVICE

I, Dawn D. McDonald, do hereby certify that I made service of the foregoing document on this 16th day of March, 2004, by first class mail, postage pre-paid to: Robert LeRoux Hernandez, Esq. 6 Pleasant Street, Suite 513, Malden, MA 02148.

59471

Dawn D. McDonald