# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RITA HEGY,<br>    Plaintiff, Defendant-in-Counterclaim<br><br>VS.<br><br>CITY OF HOLYOKE, MA<br>    Defendant, Plaintiff-in-Counterclaim | CIVIL ACTION NO. 04-30028-MAP |

## DEFENDANT-IN-COUNTERCLAIM RITA HEGY'S ANSWER TO COUNTERCLAIM

Now comes Defendant-in-Counterclaim Rita Hegy and answers each paragraph of the City of Holyoke's Counterclaim as follows:

1. As this is a jurisdictional statement, no answer is required.

2. Admitted.

3. Admitted.

4. Plaintiff repeats her responses to paragraphs 1-3, above, and incorporates them by reference.

5. Plaintiff admits that on or about October 12, 1995 filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"), but she denies the sufficiency of defendant's characterization of her complaint and states that the complaint speaks for itself.

6. Plaintiff admits that on or about March 15, 1996 she filed a second complaint with the MCAD, but she denies the sufficiency of defendant's characterization of her complaint and states that the complaint speaks for itself.

7. Plaintiff admits that on or about March 28, 1996 she amended her 1995 complaint,

1

        but she denies the sufficiency of defendant's characterization of her amendment and states that the complaint speaks for itself.

8. Admitted.

0. Plaintiff admits that she filed a complaint on said date, but states that the document speaks for itself.

10. Denied.

11. Plaintiff admits that she refused to sign a proposed settlement agreement. Otherwise denied.

12. Admitted.

13. Admitted.

14. Plaintiff's counsel stated to Defendant's counsel that he could obtain a right to sue to pursue claims arising under charges filed in 1995 and 1996 with the Equal Employment Opportunity Commission ("EEOC"). Otherwise, denied.

15. Denied insofar as the allegations arose under the EEOC charge. Otherwise, admitted.

16. Plaintiff cannot ascertain defendant's motives, hence has insufficient information to admit or deny this allegation.

17. Denied.

18. Admitted.

19. Admitted.

20. Admitted, except insofar as the hearing has been rescheduled to April 26, 2004.

21. Plaintiff admits that the defendant alluded to a jurisdictional issue on the right to sue in its pretrial memorandum, that it first formally challenged jurisdiction for lack

of an EEOC right to sue in its court filing of October 15, 2003, and that there were discussions concerning whether EEOC had issued a right to sue letter concerning Plaintiff's 1995 and 1996 complaints, whether defendant had agreed previously to waive jurisdictional issues pertaining to said complaints, and what portions, if any, of such complaints were addressed by the court's ruling of June 26, 2003. Otherwise denied.

22. Admitted.

23. Plaintiff admits that in its order on defendant's Motion to Reconsider, the trial court stated, "No cause of action unsupported by the required 'right to sue' letter as of October 15, 2003 would be permitted to go forward, regardless of when the case was ultimately tried." Otherwise denied, in that said statement was inconsistent with the court's actual order, in court, on December 1, 2003, that the court would try all issues which were triable as of December 8, 2003. Moreover, plaintiff did obtain a right to sue by December 8, 2003, the court never formally dismissed claims under the right to sue, and, to the extent that the amendment was allowed without a right to sue, the court lacked jurisdiction over the claims brought under the current complaint.

24. Admitted, except in that the trial has been rescheduled by the court.

25. Admitted.

26. Plaintiff denies that the court dismissed her claims arising under her 1995 and 1996 EEOC complaint or that it had jurisdiction over them. Otherwise, admitted.

27. Denied.

28. Denied.

29. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim is equitably estopped from making its counterclaim.

## THIRD AFFIRMATIVE DEFENSE

No contract exists because of failure of consideration.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's counterclaim is precluded by virtue of its own breaches of the alleged agreement.

## FIFTH AFFIRMATIVE DEFENSE

The harm, if any, suffered by plaintiff-in-counterclaim was caused by itself or some third party over which defendant-in-counterclaim has no control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claim is barred by its failure to mitigate alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged contract is void as unconscionable.

Respectfully submitted,

RITA HEGY,
By her attorney,

Dated: April 22, 2004   /s/Robert LeRoux Herrnandez____
Robert LeRoux Hernandez
Six Pleasant St., Suite 513
Malden, MA 02148
(781) 321-8300
BBO No. 231920