UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RITA HEGY        Plaintiff )<br><br>v. )<br><br>CITY OF HOLYOKE      Defendant ) | CIVIL ACTION NO. 04-30028-MAP |

## MOTION TO DISMISS WITH PREJUDICE

**Now comes** the defendant, City of Holyoke, who moves this Honorable Court to dismiss this action. As grounds therefor, the defendant states:

1)   On or about September 13, 2001, Rita Hegy filed suit against the City of Holyoke, Marc Cournoyer and James Rivard, Docket No. 01-30168-MAP.

2)   On or about June 10, 2002, Rita Hegy amended her Complaint, bringing claims against Arthur Therrien and enlarging the claims against the existing defendants.

3)   The federal complaint and its amendment were based on three Massachusetts Commission Against Discrimination ("MCAD") complaints: *Rita Hegy v. City of Holyoke Police Department and Arthur Therrien*, 95-SEM-1007 and 96-EM-0195, and *Rita Hegy v. City of Holyoke Police Department, Marc Cournoyer, Daniel Szostkiewciz and James Rivard*, 99-EM-0169.

4)   The defendants, and each of them, affirmatively plead that Ms. Hegy had settled all of her claims on or about March 7, 2000, with respect to all of her MCAD

claims and all of the claims plead in her federal complaint and its amendment. *See* Docket No. 01-30168-MAP.

5) Additionally, the defendants, and each of them, brought counterclaims against Ms. Hegy for breach of contract and for her failure to abide by the settlement agreements entered into on March 7, 2000.

6) This Court scheduled an evidentiary hearing relevant to the issue as to whether there was an enforceable settlement agreement on or about March 7, 2000.

7) Prior to the commencement of the evidentiary hearing, Ms. Hegy filed suit once again on February 9, 2004, Docket No. 04-30028-MAP, the instant action. *See* Complaint attached as Exhibit A.

8) Rita Hegy's claims in this instant Complaint are identical to some of the claims that were brought in the earlier federal action.

9) Additionally, the instant Complaint is based upon the same facts and circumstances arising out of three MCAD Complaints and arising out of a matter that the defendant maintains was settled.

10) On April 27, 2004, the defendants concluded an evidentiary hearing relevant to whether there was a binding and enforceable contract. *See* Order dated April 28, 2004 attached as Exhibit B.

11) On the same day, Judge Ponsor found that the federal court action filed in 2001 was based on the three earlier MCAD claims listed above.

12) This Court found that on or about March 7, 2000, Rita Hegy entered into a settlement agreement as to the three aforementioned MCAD claims, and at that time entered into a contract to settle all such claims.

13) Based on the finding of a contract/oral settlement agreement, this Court on April 27, 2004, dismissed all pending matters in Docket No. 01-30168-MAP.

14) With respect to the instant complaint, this Court made recommendations as to its disposal, and said that it either should be voluntarily dismissed or this Court would issue an order of dismissal if arose out of the same facts and circumstances of the 2001 federal complaint.

15) Rita Hegy will stipulate that, for the purposes of this Motion, all the claims presented in the 2004 federal Complaint were affected by the finding by Judge Ponsor that there was a contract. Exhibit B.

16) Rita Hegy will stipulate that the findings and orders of Judge Ponsor made on April 27, 2004, if they stand, were as a matter of law dispositive of the claims in the federal 2004 action.

17) Additionally, the partie to the above action entered into an agreed judgment relevant to this matter. *See* Agreement dated April 28, 2004 attached as Exhibit C.

18) The Agreement, in relevant parts, states:

> Moreover, Ms. Hegy will stipulate as to C.A. 04-30028-MAP that the findings of the court in the current case at the conclusion of the evidentiary hearing, if they stand, preclude Ms. Hegy's action in 04-30028-MAP. On that basis, Ms. Hegy cannot, consistent with the requirements of Rule 11, oppose defendants' motion to dismiss that action so that judgment therein may be joined in any appeal of the current case.

19) Wherefore, the principle of *res judicata* applies and the instant action should be dismissed with prejudice.

**Wherefore**, defendant City of Holyoke moves that this Court dismiss plaintiff Rita Hegy's Complaint 04-30028-MAP with prejudice.

Respectfully submitted this the 28th day of April, 2004.

THE DEFENDANTS
CITY OF HOLYOKE

_____
Lisa Brodeur-McGan
Dawn D. McDonald
Cooley, Shrair P.C.
1380 Main Street
Springfield, MA  01103
BBO# 556755
Tel (413) 735-8025; Fax (413) 733-3042

## CERTIFICATE OF SERVICE

I, Lisa Brodeur-McGan, do hereby certify that I made service of the foregoing document on this 28th day of April, 2004, by email and first class mail, postage prepaid, to: Robert LeRoux Hernandez, Esq., 6 Pleasant Street, Suite 513, Malden, MA 02148.

_____
Lisa Brodeur-McGan

61486

COPY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

RITA HEGY,
    Plaintiff             )

VS.                     )

CITY OF HOLYOKE, MA    )
    Defendant         )

**04 - 30028 - KPN**

CIVIL ACTION NO.

## Complaint and Demand for Jury Trial

### JURISDICTION

1. This action is authorized and instituted under §706 of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §2000-e. *et seq.* Jurisdiction is founded upon 28 U.S.C. §§1331 and 1337.

2. The unlawful discrimination and employment practices alleged below were committed within the Commonwealth of Massachusetts.

### PARTIES

3. Plaintiff Rita Hegy ("plaintiff") is a female citizen of Massachusetts and resides in Chicopee, MA.

4. Defendant City of Holyoke, MA ("Holyoke") is a duly incorporated municipality in the Commonwealth of Massachusetts.

5. At all times relevant hereto, Holyoke did and does now employ more than fifteen (15) employees, is and was engaged in an industry affecting interstate commerce, and is

1

Mar-09-04 23:44   Holyoke City Solicitor    413 322 5581              P.08

therefore an "employer" under 42 U.S.C. §2000e(h).

## STATEMENT OF FACTS

6.  At all relevant times, and until she terminated on or about July 13, 2000, plaintiff was employed by Holyoke as a civilian employee in its police department.

7.  From approximately 1992 to and including October 12, 1995, defendant subjected plaintiff to unequal treatment and created a hostile work environment because of plaintiff's sex.

8.  Inter alia, defendant's employee Arthur Therrien would, for the purpose of harassing plaintiff because of her sex, would prohibit plaintiff from being present in certain areas of the police station to which other civilian personnel were given regular access.

9.  Therrien would regularly and deliberately slam a door in the face of plaintiff.

10. Therrien would regularly scream obscenities at plaintiff in or out of the presence of others.

11. Therrien would repeatedly place himself in such a position that he would bump into plaintiff and have offensive physical contact with her as they passed.

12. Therrien, who served as president of the police union, caused the union to write to plaintiff accusing her of the very conduct of which Therrien was guilty and threatening her with legal action.

13. Plaintiff made numerous complaints to her superiors concerning Therrien's conduct, as set forth above, but the Defendant failed to take any steps to protect plaintiff therefrom.

14. On or about October 12, 1995, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging the foregoing and seeking redress under

Mar-09-04 23:44  Holyoke City Solicitor    413 322 5581       P.09

Title VII of the United States Civil Rights Act of 1964 ("the first charge").

15.    Thereupon plaintiff was subject to persistent retaliation by various members of the Holyoke Police Department. Specifically, the Chief of Police would now refuse to receive plaintiff's complaints about harassment and ordered her to go through "the chain of command," which forced her to complain to some of the very people who were harassing her or supporting those who harassed her.

16.    In retaliation for having filed the first charge, plaintiff's superiors ordered her not to visit other departments, although prior to filing the first charge she had been free to visit other departments as part of completing her duties. She was subjected to petty prohibitions. Her coffee breaks were taken away from her. She was denied ordinary privileges enjoyed by other civilian personnel.

17.    On or about March 15, 1996, plaintiff filed a second complaint with the EEOC ("the second charge"), alleging that the foregoing conduct constituted sex discrimination and retaliation for having filed the first charge.

18.    As a direct and foreseeable consequence of the foregoing conduct by defendant, through its employees and agents, and as a direct and foreseeable consequence of the acts and omissions of Holyoke, through its employees, plaintiff has suffered past, present and future emotional distress and economic loss.

19.    On or about December 4, 2003, the EEOC issued to plaintiff a right to sue upon the foregoing charges, whereby this court now has jurisdiction to entertain the matters set forth herein.

Mar-09-04 23:45    Holyoke City Solicitor      413 322 5581         P.10

# COUNT I: SEX DISCRIMINATION IN VIOLATION TITLE VII OF THE UNITED STATES CIVIL RIGHTS ACT OF 1964

20.    Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-19, above, as if fully set forth herein.

21.    The conduct of defendant, Holyoke, through its employees, as described above, constituted unlawful discrimination prohibited by 42 U.S.C. §2000-e2(a), such that defendant is liable to plaintiff thereunder in damages and other relief as set forth below.

22..   Defendant, through its employees, engaged in the discriminatory practices alleged in this Count I with malice or with reckless indifference to Plaintiff's federally protected rights and is therefore each subject to imposition of punitive damages pursuant to 42 U.S.C. § 1981a(b).

# COUNT II: RETALIATION FOR ACTIVITIES PROTECTED BY TITLE VII IN VIOLATION OF FEDERAL LAW

23.    Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-22, above, as if fully set forth herein

24.    The conduct of defendants Holyoke, through its employees, as described above, constituted unlawful discrimination prohibited by 42 U.S.C. §2000-e3(a), such that these defendant is liable to plaintiff thereunder in damages and other relief as set forth below.

25.    Defendant, through its employees, engaged in the discriminatory practices alleged in this Count II with malice or with reckless indifference to plaintiff's federally protected

4

rights and is therefore each subject to the imposition of punitive damages pursuant to 42 U.S.C. § 1981a(b).

WHEREFORE, plaintiff respectfully prays for

A.   Judgment against the Defendant Holyoke;

B.   Compensatory damages in an amount no less than $500,000;

C.   Punitive damages in an amount no less than $500,000;

D.   Reasonable attorney's fees;

E.   The costs of bringing this action:

F.   Prejudgment interest; and

G.   Such further relief as is just and equitable.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

RITA HEGY
By her attorney:

Robert LeRoux Hernandez
Six Pleasant St., Suite 513
Malden, MA 02148
(781) 321-8300
BBO No. 231920

Dated: February 9, 2004

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RITA HEGY, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 01-30168-MAP |
| | ) | |
| CITY OF HOLYOKE, | ) | |
| ARTHUR THERRIEN, | ) | |
| JAMES RIVARD, and | ) | |
| MARC A. COURNOYER, | ) | |
| Defendants | ) | |

ORDER OF DISMISSAL

April 28, 2004

PONSOR, U.S.D.J.

Pursuant to Bandera v. City of Quincy, 344 F.3d 47 (1st Cir. 2003), the court conducted a non-jury evidentiary proceeding to permit it to find facts with regard to the defendants' contention that all of plaintiff's claims had been settled prior to trial. Following this proceeding, on April 27, 2004, the court set forth orally its findings of fact and conclusions of law to the effect that, in fact, the plaintiff **had** knowingly, voluntarily and intelligently settled all claims now being raised in her complaint, on or about March 7, 2000.

The court's oral findings may be summarized as follows. The credible testimony of two individuals, Edward Mitnick, former attorney for the City of Holyoke, and Frederick Hurst, plaintiff's own counsel, confirmed that the plaintiff was informed of, and agreed to, all of the specifics of the settlement during a mediation at the Massachusetts Commission Against Discrimination ("MCAD") on March 7, 2000. The evidence

demonstrated that the oral settlement, freely and voluntarily confirmed by the plaintiff, was thereafter set down in writing accurately.  The plaintiff reviewed the written version of the settlement agreement, offered minor textual revisions that were incorporated into the final document, and agreed to sign the settlement agreement.  Nevertheless, a few days after agreeing to the settlement, the plaintiff refused to sign the settlement agreement for reasons having nothing to do with the reasonableness of the agreement itself.

The facts set forth above were further confirmed by the transcript of the remarks of MCAD Commissioner Charles Walker on March 7, 2000, and by the deposition testimony of Attorney John H. Fitz-Gibbon, who represented the City of Holyoke at the time, along with Attorney Mitnick.

The testimony of the plaintiff herself at the evidentiary hearing, to the extent that it differed from the testimony of the four witnesses specified above, lacked credibility.  Plaintiff's recollection of events at the time of the settlement was extremely vague.  Moreover, she admitted during the testimony that she agreed to the settlement orally on March 7, 2000, and that she later informed her attorney, once she had reviewed the written settlement, that she would execute it.  She suffered no coercion, in the legal sense, in making either decision, but acted voluntarily and on advice of counsel.

Based upon the foregoing, and for reasons set forth in more detail orally, this court has resolved the material facts in

-2-

dispute with regard to the settlement in favor of the defendants. A settlement manifestly did occur that was binding upon both the plaintiff and the defendants.  It is undisputed that the claims now remaining in the complaint were covered by the terms of the settlement agreement.  All of plaintiff's remaining claims are therefore hereby ordered DISMISSED.  All that remains in the case is defendant's counterclaim for breach of contract.[1]

It is So Ordered.


/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

---

[1] Plaintiff's settlement included all her claims pending before the MCAD on March 7, 2000, including claims now offered in plaintiff's recently filed complaint, 04-CV-30028-MAP.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RITA HEGY,                      )
                Plaintiff       )
                                )
            v.                  )  CIVIL ACTION NO. 01-30168-MAP
                                )
CITY OF HOLYOKE,                )
ARTHUR THERRIEN,                )
JAMES RIVARD, and               )
MARC A. COURNOYER,              )
                Defendants      )

## AGREEMENT

### April 28, 2004

PONSOR, U.S.D.J.

The parties hereby stipulate to an agreed judgment for purposes of placing this matter in a posture for appeal if any party chooses to do so.  A judgment of Rita Hegy's liability for breach of contract shall enter, with an award of damages in favor of the City and all other defendants, Arthur Therrien, James Rivard and Marc A. Cournoyer, in the total of $15.00.  It is agreed that the judgment will reserve Rita Hegy's right to appeal the underlying evidentiary findings of the court that a contract existed and any prior rulings of the court.

Again, we understand that if Ms. Hegy appeals and prevails regarding existence of a contract, this agreed judgment may be vacated and shall not be treated as a judgment on the merits on the issues of damages or breach of contract.

Morever, Ms. Hegy will stipulate as to C.A. 04-30028-MAP that the findings of the court in the current case at the conclusion of the evidentiary hearing, if they stand, preclude Ms. Hegy's action in 04-30028-MAP.  On that basis, Ms. Hegy cannot, consistent with the requirements of Rule 11, oppose defendants' motion to dismiss that action so that judgment therein may be joined in any appeal of the current case.

_____
Michael A. Ponsor
U.S. District Judge

_____
Rita Hegy

_____
Robert LeRoux Hernandez

_____
Karen Betournay for the City of Holyoke

_____
James T. Rivard

_____
Marc A. Cournoyer

_____
Arthur Therrien

_____
Lisa Brodeur-McGan

April 28, 2004

-2-